UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 09-69-JBC**

**MARY MURPHY,**                                                           **PLAINTIFF,**

**V.**            **MEMORANDUM OPINION AND ORDER**

**THE ALLEN COMPANY, INC., ET AL.,**                          **DEFENDANTS.**

\* \* \* \* \* \* \* \* \* \*

This matter is before the court upon the plaintiff's motion to vacate the removal and remand to Fayette Circuit Court.  R. 3.  The court, having reviewed the record and being otherwise sufficiently advised, will deny the motion because the court has subject-matter jurisdiction in this action.

The plaintiff, Mary Murphy, brought this action against the defendants, The Allen Company, Inc. and Tom Debord, in Fayette Circuit Court on December 9, 2008.  The plaintiff alleges violations of the Kentucky Civil Rights Act, KRS 344.  The defendants removed this action on the basis of federal-question jurisdiction, stating that the plaintiff's complaint asserts collective-bargaining-agreement ("CBA") allegations which fall under the Labor-Management Relations Act, 29 U.S.C. § 185(a) ("LMRA").  The plaintiff moves to remand the action to state court, characterizing her claims as only state-law claims.

As the removing party, the defendants bear the burden of proving the existence of federal jurisdiction.  *See Eastman v. Marine Mechanical Corp.,* 438 F.3d 544, 550 (6th Cir. 2006)*; Long v. Bando Mfg. of Am. Inc.*, 201 F.3d 754,

757 (6th Cir. 2000). Removal statutes are construed narrowly, and doubts about the propriety of removal are resolved in favor of remand. *See Long*, 201 F.3d at 757*.* If the court lacks subject-matter jurisdiction at any time before final judgment, then the case must be remanded. 28 U.S.C. § 1447(c).

In federal district courts, "the absence of jurisdiction is generally presumed unless that party invoking jurisdiction clearly demonstrates that it exists." *Parker v. Crete Carrier Corp.*, 914 F. Supp. 156, 158 (E.D. Ky. 1996). The presence or absence of federal-question jurisdiction is analyzed under the well-pleaded-complaint rule, which provides that federal-question jurisdiction exists "only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar v. Williams*, 482 U.S. 386, 392 (1987). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.*

Count I of the complaint alleges state-law claims for disparate treatment in the terms and conditions of the plaintiff's employment based solely upon her gender, and Count II alleges retaliation and wrongful discharge as a result of the plaintiff's having complained of gender discrimination. The defendants argue that the allegations in Count II are inextricably intertwined with the terms of the plaintiff's CBA and thus are completely pre-empted by § 301 of the LMRA. Additionally, the defendants argue that Count II articulates a separate and independent claim under the LMRA for breach of the CBA.

To establish that the plaintiff's complaint "arises under" federal law within the meaning of 28 U.S.C. § 1331, the defendants must demonstrate either that federal law creates her cause of action or that her right to relief necessarily depends on resolution of a substantial question of federal law. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Under the LMRA, claims for violations of a collective-bargaining agreement may be brought in federal court. 29 U.S.C. § 185(a).

> When a plaintiff invokes a right created by a collective-bargaining agreement, the plaintiff has *chosen* to plead what . . . must be regarded as a federal claim, and removal is at the defendant's option. But a *defendant* cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law, thereby selecting the forum in which the claim shall be litigated.

*Caterpillar Inc. v. Williams*, 482 U.S. 386, 399 (1987) (emphasis in original). A state-law claim is completely pre-empted by the LMRA if the claim is "inextricably intertwined with consideration of the terms of the labor contract." *Jones v. General Motors Corp.*, 939 F.2d 380, 382 (6th Cir. 1991) (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213 (1985)).

The following criteria determine whether § 301 pre-emption applies: "First, the district court must examine whether proof of the state law claim requires interpretation of collective bargaining agreement terms. Second, the court must ascertain whether the right claimed by the plaintiff is created by the collective bargaining agreement or by state law." *DeCoe v. General Motors Corp.*, 32 F.3d

3

212, 216 (6th Cir. 1994) (citation omitted). If the plaintiff's claim either requires interpretation of a CBA or the right at issue is created by a CBA then the state-law claim is pre-empted and the plaintiff's claim arises under federal law. *Id.* According to both criteria, the plaintiff's claim could properly have been brought in federal court.

The following paragraphs from Count II of the complaint form the basis for removal:

> 28. On the next work day, following Murphy's lay-off, Murphy was replaced by a male employee who was assigned to operate the same piece of equipment which Murphy had been operating and in violation of long standing policies for union employees.
> 29. During and for several months following Murphy's lay-off from employment, Murphy made numerous calls to Allen Company to inquire as to whether and when she would be recalled to work. Murphy was repeatedly advised that she was not needed even though there was still work available for which she had seniority over male employees who continued to work and who were not laid-off.

Complaint, R. 1-2, at 8. The plaintiff's reference to the "long standing policies for union employees" requires the court to interpret the terms of the CBA. The court has to look to the terms of the CBA to determine whether her lay-off violated those policies. Additionally, resolving whether Murphy had seniority over male employees for certain available work requires the court to interpret the CBA's seniority requirements.

The plaintiff's allegations also involve the violation of a right created by the CBA. The plaintiff alleges that she was laid off and not recalled even though she had seniority, thus invoking her contractual rights created by her union's CBA.

4

The face of the complaint alleges a breach of the terms of the CBA, and the complaint's allegations are inextricably intertwined with the terms of that agreement.  Thus, the plaintiff has alleged claims that fall within the LMRA and the defendants properly removed this action.

Accordingly,

**IT IS ORDERED** that the plaintiff's motion to vacate removal and remand (R. 3) is **DENIED**.

Signed on  June 1, 2009

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY