UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 09-69-JBC

MARY MURPHY, PLAINTIFF,

V. **MEMORANDUM OPINION AND ORDER**

THE ALLEN COMPANY, INC., ET AL., DEFENDANTS.

* * * * * * * * * *

This matter is before the court on Magistrate Judge Robert E. Wier's order addressing the discovery dispute in this action (R. 97) and The Allen Company's objections to that order (R. 104). The court, having considered The Allen Company's objections and having conducted a de novo review of Judge Wier's order and the record, will overrule The Allen Company's objections and adopt Judge Wier's order as the opinion of the court.

The court will not discuss each of the issues that The Allen Company raised in its objections. Judge Wier thoroughly addressed the issues, and the court cannot say anything better than he did. The court will provide a few additional instructions and observations.

I.

During the hearing on June 4, 2010, Judge Wier expressed concern that The Allen Company was wasting judicial resources by pressing for Murphy's

1

identification of certain materials, including her counsel's notes, in a privilege log. R. 96 at 7-12. Judge Wier has been validated nearly a year later.

The only outstanding item from The Allen Company's motion to compel is Murphy's failure to identify notes that she and her counsel prepared after the commencement of this litigation. As Judge Wier observed, The Allen Company's discovery requests do not appear to cover the notes, which are presumptively privileged and are even exempt from identification in a privilege log in some jurisdictions. Other than the notes, Murphy apparently brought all other required documents to the Louisville deposition and provided sufficient information for her oral privilege log. *See* R. 63-2 at 30-32. It would be unjust to grant dismissal over documents that The Allen Company will probably never obtain in discovery and that are arguably not even covered by the discovery requests.

Contrary to The Allen Company's concern, the court is not sustaining Murphy's waived objection to identifying the notes in a privilege log. Murphy did waive that objection. But the court should impose discovery sanctions that are proportional to the severity of the misconduct. *See Taylor v. Medtronics, Inc.*, 861 F.2d 980, 986 (6th Cir. 1988). The court cannot ignore the nature of the outstanding documents when fashioning a sanction.

II.

Murphy should not interpret the court's overruling of The Allen Company's objections as an endorsement of her conduct. She violated a court order when she

2

failed to bring the notes to the Louisville deposition. The parties and the court now must expend additional resources when Judge Wier supervises Murphy's oral privilege log hearing for the notes. The court will impose an additional sanction against Murphy and require that she pay the attorney's fees and costs that The Allen Company incurs in preparing for and attending the oral privilege log hearing before Judge Wier. Because The Allen Company's counsel must travel to the hearing from Louisville, they may include their travel time and mileage in their fees and costs.

Murphy's counsel appears to be at least partially responsible for Murphy's failure to obey court orders, including her failure to bring all required documents to the Louisville deposition. Additionally, Murphy's counsel has filed a motion in which he is quibbling over $130 in attorney's fees that Judge Wier assessed for the Louisville deposition and is refusing to produce Kentucky Bar Association documents that Judge Wier ordered Murphy to produce. R. 103. If Judge Wier denies Murphy's motion, he should consider whether Rule 11 sanctions are appropriate.

Murphy and her counsel can expect to face more severe sanctions if they continue disobeying court orders. As Judge Wier made clear, dismissal remains a viable option.

### III.

Neither Murphy nor The Allen Company is emerging from this discovery

dispute with a victory. They can expect a long and expensive road ahead if they cannot find the resolve to litigate this case with civility.

For the foregoing reasons,

**IT IS ORDERED** that The Allen Company's objections to Judge Wier's order (R.104) are **OVERRULED**.

**IT IS FURTHER ORDERED** that Judge Wier's order (R. 97) is **ADOPTED** as the opinion of the court.

**IT IS FURTHER ORDERED** that the matter is **REMANDED** to Judge Wier for further proceedings consistent with this opinion.

Signed on May 12, 2011

JENNIFER B. COFFMAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY