UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

CIVIL ACTION NO. 09-69-JBC

MARY MURPHY,                                                             PLAINTIFF,

V.                   MEMORANDUM OPINION AND ORDER

THE ALLEN COMPANY, INC., ET AL.,                             DEFENDANTS.

\* \* \* \* \* \* \* \* \*

This matter is before the court on Magistrate Judge Robert E. Wier's order of June 24, 2011, (R. 115) and the Allen Company's objections to that order (R. 126), as well as the Allen Company's motion to enter monetary sanctions (R. 117). The court, having considered the Allen Company's objections and having conducted a de novo review of Judge Wier's order and the record, will overrule the Allen Company's objections for the reasons stated below. Having further considered the motion to enter monetary sanctions, the court will grant the motion in part and deny it in part.

The Allen Company objects to two aspects of Judge Wier's June 24, 2011, order. First, it objects to the imposed discovery deadlines. As those deadlines have since been extended, *see* R. 138, the court will overrule this objection as moot. Second, the Allen Company objects to Judge Wier's requirement that it pursue Rule 11 sanctions pursuant to the mechanics of FRCP 11(c)(2) for Murphy's non-production of KBA documents ordered produced.

Judge Wier's ruling granting the Allen Company leave to pursue Rule 11 sanctions pursuant to the mechanics of FRCP 11(c)(2) is neither erroneous nor contrary to law. *See* FED. R. CIV. P. 72(a). Rather, Judge Wier is attempting to gracefully correct this court's error. In the order issued May 12, 2011, this court stated that "[i]f Judge Wier denies Murphy's motion [R. 103], he should consider whether Rule 11 sanctions are appropriate." R. 106 at 3. In the referenced motion, Murphy requested the court to reconsider a prior order to turn over two bar complaints. As this dispute arises out of a discovery-related motion, Rule 11 sanctions are inapplicable. *See* FED. R. CIV. P. 11(d). Sanctions for failure to comply with a court order in discovery are appropriately addressed under Rule 37(b). By explicitly requiring the Allen Company to comply with the mechanics of Rule 11 and Rule 37 sanctions, Judge Wier was attempting to bring this discrepancy to the Allen Company's attention without explicitly contradicting this court's order. Sanctions cannot be levied against Murphy's attorney for his failure to produce the KBA documents under Rule 11, either by motion of a party or by the court acting *sua sponte*. Accordingly, the court will overrule the Allen Company's objections.

The Allen Company has also moved the court to liquidate the monetary sanction previously imposed to an award of $5,465.62. This sanction was imposed because Murphy violated the court's order to bring certain documents to a deposition, *see* R. 106; FED. R. CIV. P. 37(b)(2)(C), and it represents the amount of time spent by Mr. Calabrese and Mr. Sheller preparing for and attending the

resulting June 23, 2011, privilege log hearing and status conference, as well as incidental travel, meal, and parking costs.  The amount requested is reasonable under the circumstances and in compliance with the court's order.  Murphy's argument that the court's order contemplates costs for only one attorney is groundless, as the court's order states that "[b]ecause The Allen Company's counsel must travel to the hearing from Louisville, they may include their travel time and mileage in their fees and costs."  This sanction, which is not the first levied against Murphy in this case, is intended to reimburse the Allen Company for the actual costs incurred because of Murphy's non-compliance with the court's order.  Because the costs asserted by the Allen Company are reasonable under the circumstances, the court will grant this part of the motion.

The liquidated monetary sanctions will be payable within 20 days of the date of this order.  Murphy has requested the court hold in abeyance the imposition of sanctions until the case is finalized, because discovery sanctions are not a final decision subject to immediate appeal.  Such a delay would frustrate the deterrent purpose of the sanction.  *See Rentz v. Dynasty Apparel Industries, Inc.*, 556 F.3d 389, 401-402 (6th Cir. 2009).

The motion to enter monetary sanctions also includes a request for additional monetary sanctions of $2,629.15 as reimbursement for time spent preparing a response to Murphy's bar complaint motion (R. 110) which it characterizes as "meritless and unjustified" and for time spent analyzing Murphy's status report (R. 109) which it characterizes as "factually and legally erroneous."  The court

construes the request for reimbursement for dealing with the bar complaint motion as a Rule 37(b) motion for sanctions and the request for reimbursement for dealing with the status report as a Rule 11 motion for sanctions, and will deny both.

Rule 37 sanctions are not warranted regarding the bar complaint motion. Murphy had already been specifically ordered to turn over the bar complaints in Judge Wier's order of January 7, 2011. *See* R. 97. This order was stayed pending review, but was reinstated when the stay was lifted by Judge Wier's order of June 1, 2011. *See* R. 107. Despite this, the bar review motion centered around a good faith argument for withholding the complaints based on a recent Kentucky case, handed down after Judge Wier's initial order, holding that a bar complaint is absolutely privileged. *See Morgan & Pottinger, Attorneys, P.S.C. v. Botts*, Nos. 2009-SC-000515-TG, 2009-SC-000751-TG, 2009-SC-00818-TG, 2011 WL 1620591, at *6 (Ky. Apr. 21, 2011). Though the case cited is not binding on this court and Judge Wier denied the motion, the argument it presented substantially justifies Murphy's further withholding of the bar complaints in question. *See* FED. R. CIV. P. 37(a)(5)(A)(ii). Furthermore, once Judge Wier denied the motion and ordered the bar complaints produced, Murphy immediately complied. Finally, the costs incurred by the Allen Company while its attorneys prepared a response to the bar review motion would not have been incurred but for its doggedly pursuing discovery that is far afield from the facts at the center of this dispute. Under these circumstances, and cognizant of the substantial sanction already levied against

Murphy in this order, the court will not further sanction Murphy for the bar complaint motion.

The court will likewise not *sua sponte* sanction Murphy for her June 16, 2011, status report. While the particular status report in question deals with discovery issues, a status report is not among the discovery materials excluded by Rule 11; therefore, it is considered a representation to the court and sanctions, if appropriate, are properly addressed under Rule 11. The Allen Company has requested reimbursement for time spent allegedly addressing considerable legal and factual errors, but has failed to argue why sanctions are justified and to comply with the procedural requirements of Rule 11. Under these circumstances, Rule 11 sanctions are not appropriate.

Accordingly,

**IT IS ORDERED** that the objections to Judge Wier's June 24, 2011, order (R. 126) are **OVERRULED**.

**IT IS FURTHER ORDERED** that the motion to enter monetary sanctions (R. 117) is **GRANTED IN PART** and **DENIED IN PART**. Within 20 days from the entry of this order, and in full satisfaction of the sanction imposed, Plaintiff's counsel **SHALL** tender to defense counsel, Mr. Sheller, a check for $5,465.62. To the extent that the motion is construed as a motion for further Rule 37 and Rule 11 sanctions, the motion is **DENIED**.

Signed on November 10, 2011

*Jennifer B. Coffman*
JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY