UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

**CIVIL ACTION NO. 09-69-JBC**

**MARY MURPHY,**                                                                                                   **PLAINTIFF,**

**V.**             **MEMORANDUM OPINION AND ORDER**

**THE ALLEN COMPANY, INC., ET AL.,**                                      **DEFENDANT.**

\* \* \* \* \* \* \* \* \*

This matter is before the court on The Allen Company's motion for attorneys' fees (R. 167). The Allen Company moves the court to grant its motion pursuant to 28 U.S.C. § 1927 and the court's inherent powers on the grounds that Murphy filed a meritless lawsuit and then multiplied the proceedings unreasonably and vexatiously by electing not to withdraw claims when it became clear they were not supported by facts. However, this case is not as one-sidedly clear as The Allen Company asserts, and the actions of Murphy and her former and current counsel do not justify the extraordinary remedy of awarding attorneys' fees, particularly in the amount requested. Accordingly, the court will deny the motion.

In its order of May 23, 2012, the court granted summary judgment in this matter to The Allen Company, finding that Murphy could not establish a prima facie case of sex discrimination, and that though she could establish a prima facie case of retaliation under the Kentucky Civil Rights Act, she could not prove that The Allen Company's stated reason for terminating her was merely pretextual. In that same order, the court also disposed of claims that Murphy advanced in her

1

complaint but did not defend in her response, including her claims of discrimination with regard to work assignments and breaks and her claims of retaliation in violation of union policies. The Allen Company then filed the present motion requesting an award of $325,912.61, which represents the entirety of its attorneys' fees, costs, and expenses.

Murphy's former counsel, Debra Doss and David Sproull, filed a response on their own behalf. Murphy, however, filed via her current counsel, Ed Dove, a "motion to dismiss" The Allen Company's motion for fees. A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is properly filed only in response to a pleading that fails to state a claim upon which relief can be granted. The Allen Company's motion for fees is not a pleading pursuant to Fed. R. Civ. P. 7. The court will thus deny the motion as filed. This document is, however, the only responsive filing that Murphy's current attorney put forth on either Murphy's behalf or his own. The court will therefore construe the "motion to dismiss" as a response on behalf of both Dove and Murphy to The Allen Company's motion for fees.

The court will deny The Allen Company's motion because Murphy's case, though unsuccessful, was not meritless, and because neither Murphy nor her former or current attorneys engaged in behavior that would justify a fee award either under 28 U.S.C. § 1927 or the court's inherent powers. The "American rule" generally prohibits fee-shifting in civil cases; this rule is "deeply rooted in our history and in congressional policy." *BDT Products, Inc. v. Lexmark Int'l Inc.*, 602 F.3d 742, 752 (2010) (quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*,

2

421 U.S. 240, 271 (1975)).  Congress has, however, implemented exceptions to the "American rule," such as 28 U.S.C. § 1927, which provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct."

The Allen Company is not entitled to its requested relief because Murphy's attorneys did not act in such an egregious manner as to justify relief under section 1927.

> Simple inadvertence or negligence that frustrates the trial judge will not support a sanction under section 1927. There must be some conduct on the part of the subject attorney that trial judges, applying the collective wisdom of their experience on the bench, could agree falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.

*Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997).  In *Ridder*, for instance, the court awarded the defendant the entirety of its fees against the plaintiff because the plaintiff's counsel for five years failed to put forth any evidence that established a basis on which the defendant could possibly be liable.  That is not the case here.

Murphy presented colorable allegations of sex discrimination and retaliation.  Though Murphy and her attorneys were unable to establish enough credible proof to create a genuine dispute of material fact in support of her particular theory of sex discrimination, it does not follow that Murphy had absolutely no justification to bring her suit.  Murphy was paid at a rate less than men around her with equal or

lesser experience, and she perceived discrimination in job assignments and other aspects of her work for The Allen Company. She also presented a colorable argument that The Allen Company misused the KAHC Training Program as an excuse to pay her less than it paid men to do similar work. The Allen Company was not responsible for any alleged KAHC misclassification of Murphy, and the circumstances surrounding that classification and The Allen Company's use of the KAHC Training Program with regard to Murphy served as the grounds for summary judgment in its favor. At the time the suit was filed, however, those circumstances did not so clearly insulate The Allen Company from liability or so discredit Murphy's claims of sex discrimination as to make it unreasonable for Murphy's previous attorneys to file her suit. Nor does the fact that The Allen Company prevailed on summary judgment make it unreasonable for Murphy's present attorney to have pursued her sex discrimination claims to resolution.

Furthermore, in her response to The Allen Company's motion for summary judgment, Murphy and her counsel effectively abandoned her claims to discrimination in work assignments and breaks by electing not to defend them. This is also true of Murphy's retaliation claims that would have needed to be argued under the Labor Management Relations Act. Though Murphy's counsel did not formally renounce those claims, the choice not to defend them comports with an attorney's affirmative duty to withdraw a claim once it becomes clear that it has no factual support. *See id.* at 299.

Finally, The Allen Company's assertion that Murphy's retaliation claims were "completely preempted" is false. Murphy established a prima facie case of retaliation that is separate from issues of classification or union regulations. Murphy and her attorneys had good cause to pursue her retaliation claim, even though they were ultimately unsuccessful.

In this context, and particularly in light of the animosity between these parties and their attorneys, the motion and discovery practice undertaken was not unreasonably or vexatiously multiplicative. Both parties in this action are culpable in drawing out the discovery process, *see, e.g.*, Magistrate Judge Robert E. Wier's discovery orders at R. 58 and R. 97, and the court has already addressed the discovery practices of both sides. Further sanctions against Murphy's attorneys are not justified under section 1927.

Likewise, the court will not award attorneys' fees to The Allen Company under its own inherent powers because the actions of Murphy and her attorneys in bringing the action do not demonstrate bad faith. The court is empowered to award attorneys' fees under its own inherent powers only in cases that fall under the bad-faith exception to the "American rule," or in other words, where all of the following are true: that Murphy's "claims advanced were meritless; that counsel knew or should have known this; and that the motive for filing the suit was for an improper purpose such as harassment." *BDT Products*, 602 F.3d at 752. As discussed above, Murphy's claims were not meritless, and The Allen Company has not shown that Murphy or her attorneys filed the suit for an improper purpose.

The Allen Company incurred substantial fees and expenses in defending this suit, and it prevailed against all of Murphy's claims. However, an award of fees and costs is not justified under section 1927 or the court's inherent powers, because the Murphy's suit was not without merit, because Murphy did not bring the suit in bad faith, and because Murphy's attorneys did not unnecessarily or vexatiously multiply the proceedings to a degree that would justify relief. Accordingly,

**IT IS ORDERED** that The Allen Company's motion (R. 167) is **DENIED**.

**IT IS FURTHER ORDERED** that Murphy's motion to dismiss (R. 170) is **DENIED**.

Signed on December 18, 2012

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY